**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   15 CR 267 |
| | ) | |
| MARK E. LASKOWSKI, | ) | The Hon. Amy J. St. Eve |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTIONS IN LIMINE

Defendant Mark Laskowski, through his attorneys, respectfully submits the following Motions in Limine seeking an order to exclude certain evidence on the basis of FRE 401 and FRE 403.  In support thereof, Defendant states as follows.

### I.     BACKGROUND

The indictment in this matter charges Defendant with one count of filing a false tax return for the calendar year 2008, in violation of 26 U.S.C. § 7206(1), and two counts of failure to file a tax return for calendar years 2009 and 2010, respectively, in violation of 26 U.S.C. § 7203.

The Government may seek to introduce statements and acts by Mr. Laskowski that should be barred by the Federal Rules of Evidence.  We respectfully request an order from the Court precluding the government from eliciting improper testimony addressed in this motion.

### II.     Evidence of alleged threats by the defendant should be excluded

The discovery and grand jury testimony contain statements of former tenants who rented properties from Mr. Laskowski.  The testimony of any witness who rented property from Mr. Laskowski should be limited to the payment of rent, which the government claims is relevant to establishing income during the years in question.  They should not be allowed to expand their

testimony to include threatening comments allegedly made by Mr. Laskowski after they ceased paying rent, nor should testimony be allowed regarding personal hardships resulting from their rental relationship with Mr. Laskowski. For example, former tenants of properties once owned by Mr. Laskowski have alleged that once they stopped paying their rent, he made verbal threats including lawsuits, garnishment of wages, liens and a threatened report to the IRS that the tenant owed him money. Evidence of threats or personal hardships that are not related to the government's attempt to establish income should be excluded as irrelevant under FRE 401 and unfairly prejudicial under FRE 403.

The test for relevancy under FRE 401 requires that the evidence "has any tendency to make a fact more or less probable than it would be without the evidence" and the fact is of consequence in determining the action. To prove that Defendant willfully filed a false tax return under 26 U.S.C. § 7206(1), the government must demonstrate the existence of four elements beyond a reasonable doubt:

(1) the defendant made or caused to be made a federal income tax return that [he] verified was true;
(2) the return was false as to a material matter;
(3) the defendant signed the return willfully and knowing it was false; and
(4) the return contained a written declaration that it was made under penalty of perjury.

To prove that defendant failed to file a tax return in violation of 26 U.S.C. § 7203, the government must prove that defendant:

(1) was required to pay taxes;
(2) that he failed to pay the taxes; and
(3) that he acted willfully in failing to pay.

Evidence of threatening communications or personal hardship that resulted from a tenant's interaction with Mr. Laskowski fails to shed any light on any statutory element charged, rendering the evidence irrelevant. As stated, in order to be deemed relevant to the charged

conduct, evidence must have the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Turner*, 400 F.3d 491, 498 (7th Cir. 2005). Nothing about Mr. Laskowski's alleged treatment of any tenant adds anything to the determination of the charged conduct: whether he willfully filed a false tax return or whether he failed to file a tax return in the relevant years. The evidence is irrelevant and should be excluded.

In addition to being irrelevant, evidence of alleged threats to tenants should be excluded on FRE 403 grounds as the danger of unfair prejudice and confusion of the issues substantially outweighs any probative value the evidence could be deemed to have. "Unfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). As discussed, the probative value of the tenants' testimony (outside of the payment of rent during the relevant interval) in non-existent as it does nothing to make any required element of the charged statutes more or less likely. Alternatively, the danger that the jury would decide the case on an emotional basis when exposed to evidence of presumably likeable tenants being allegedly subject to a threatening landlord is high. The evidence should be excluded.

A separate statement allegedly made to a non-tenant witness (DF) should be excluded on relevance and 403 grounds as well. This potential witness previously testified that the following exchange occurred between he and the defendant on the subject of Mr. Laskowski's desire to keep his house from being repossessed:

DF: "You're not going to blow up the house, are you?"

Laskowski: "They will never take my house."

DF goes on the speculate that Mr. Laskowski would go to any lengths to prevent his house from being taken from him. There is a nefarious and highly prejudicial tone of implied violence to this type of statement. The statement also adds nothing to any element of a charged crime, therefore has no relevance or probative value. The alleged statement should be excluded.

### III. Evidence regarding certain alleged statements, acts or financial condition of Mr. Laskowski outside 2009-2011 should be excluded under a FRE 403 analysis as the probative value is outweighed by the danger of unfair prejudice.

The discovery turned over by the government in this case is littered with evidence dealing with the period of time prior to, and subsequent to, the timeframe covered by the indictment. The evidence should be excluded under a FRE 403 analysis. FRE 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The probative value of this evidence is outweighed by the unfair prejudice they would engender, as well as their potential to confuse the jury. Further, the evidence is cumulative and should be barred.

**Statements outside the charged timeframe**

The indictment containss three counts charging tax crimes covering conduct from September 2009 through April 15, 2011. While certain statements or actions within this time-frame may be relevant to the defendant's state of mind regarding the charged crimes, any statements made outside the specifically charged time-frame are significantly less relevant particularly given that the government is seeking to introduce evidence (previously filed tax returns) of the defendant's apparently rapidly changing view regarding taxes around this time. For example, one potential witness at trial (CB) may be called to testify that in 2012 Mr.

Laskowski stated that he "does not have to pay [his] taxes."[1]  Mr. Laskowski's purported state of mind in 2012, subsequent to the time-frame of the charged conduct, contains little probative vale as to whether he willfully made an false filing in 2009, or willfully failed in his legal obligations to file a tax return in 2010 and 2011.  The prejudice, on the other hand, of espousing views associated with the sovereign citizen movement, which jurors will likely find disagreeable and bizarre, is obvious.  The unfair prejudice of statements purportedly indicating Mr. Laskowski's frame of mind outside the relevant interval outweighs the probative value of the statements and thus the statements should be barred.

**Evidence of income outside the relevant timeframe**

The government may also attempt to illicit testimony establishing Mr. Laskowski's financial condition prior to or subsequent to the charged timeframe in an attempt to establish a lifestyle that represented substantial income, such as evidence of a large house, an excessive landscaping budget, and expensive automobiles.  Additionally, the government may attempt to illicit evidence of defendant's income outside the relevant time period through acts such as the sale of a motorcycle and other items to a neighbor between 2000 and 2008, the sale of a house to a neighbor in 2007 or 2008, and the fact that defendant owned property in Kankakee in 2006.  Any act that purportedly occurred outside the charged interval has little bearing on whether he had income during the years in question, but would unfairly prejudice Mr. Laskowski by leaving the impression of a defendant who lived a lavish lifestyle while failing to pay taxes.  Mr. Laskowski should not be forced to attempt to un-ring that prejudicial bell for a timeframe that is not included in the indictment.

---

[1] The objection applies to all statements outside the relevant timeframe of counts one through three.  The examples are simply included to give the Court a frame of reference to the type of statements covered by the objection.

Further, these statements outside the relevant timeframe are cumulative evidence as the government is able to offer statements to the same effect within the relevant timeframe. Evidence may be unfairly prejudicial when it becomes cumulative, thus "negating its probative value while retaining its prejudicial effect." *United States v. Howard*, 692 F.3d 697, 707 (7th Cir. 2012). While the relevance of statements and acts outside the relevant, charged timeframe is minimal, the prejudicial effect is potentially significant. As noted above, although the jury will be instructed to evaluate the defendant's knowledge and state of mind at the time of the commission of the alleged offenses, there is great potential that the jury will simply conflate defendant's knowledge and state of mind prior to and subsequent to the charged time period. The Court should not permit this potentially confusing evidence to distract jurors from the relevant evidence regarding the 2009 – 2010 time period for which the Government must establish willful action.

### IV.   Additional alleged acts that should be deemed inadmissible under FRE 404(b) and FRE 403

While the government has given no notice of an intention to offer evidence of other acts under FRE 404(b), the discovery contains numerous examples of alleged bad acts by the defendant. This motion is made in an abundance of caution to preserve the record on the issue and make the defendant's position clear regarding this evidence. Generally, FRE 404(b) provides that unless the defendant puts his character in issue, the government may not introduce evidence of other crimes, wrongs, or acts to prove his character in order to show his conformity therewith. *See* FRE 404(b). In examining 404(b) evidence the Seventh Circuit has stressed that the focus must be on the chain of reasoning of why the evidence is being offered for a non-propensity purpose and "*how* exactly the evidence is relevant to that purpose . . . ." The second step is the 403 analysis of whether, even if the evidence is relevant without relying on

propensity, it is unfairly prejudicial under the balancing test.  *See United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014) (en banc).  While the government has given no notice of intent to introduce 404(b) evidence, there is no non-propensity purpose for the type of evidence discussed in this section.

One alleged "act" that should be excluded comes from a potential witness who is an accountant and may attempt to testify that Mr. Laskowski was within listening distance while he advised another client of her tax obligations in 2011 or 2012.  This witness was quite non-committal regarding this event in previous testimony and was not able to provide any detail regarding what was advised or precisely what words Mr. Laskowski was in a position to overhear.  This witness cannot even say if Mr. Laskowski heard anything.  This lack of detail makes the potential testimony on the subject inherently unreliable and destroys any potential probative value under a 404(b) and 403 analysis.  Moreover, the alleged "act" of overhearing also falls outside the relevant time period as the witness claims that the conversation may have occurred as late as 2012.

Additional examples of other acts that should be excluded may include: the defendant's alleged encouragement of a witness to not answer her front door to accept a grand jury subpoena in 2014, uncharged failure to pay taxes since 2011, and an alleged statement by the defendant regarding an effort to put a lien on the property of a judge years ago.  These acts have minimal probative value and fall outside the relevant timeframe, but carry a great deal of unfair prejudice.  These "other acts" should be excluded under a 404(b) and 403 analysis.

## V.     CONCLUSION

For the reasons described above, the Court should exclude the challenged evidence as inadmissible under the Federal Rules of Evidence.

Respectfully submitted,

By:_*Matthew J. Madden*_____
Matthew J. Madden
Amanda Penabad

MATTHEW J. MADDEN
Attorney At Law, LLC
209 S. LaSalle, 7th Floor
Chicago, IL  60604
(312) 762-9473