UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 15 CR 267 |
| | ) | |
| MARK E. LASKOWSKI, | ) | The Hon. Amy J. St. Eve |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE**

Defendant Mark Laskowski, through his attorneys, respectfully moves the Court to enter an order authorizing Defendant to introduce evidence of Defendant's 2010 communication with the Internal Revenue Service. In support thereof, Defendant states as follows.

I. BACKGROUND

Defendant has been charged with one count of filing a false tax return for calendar year 2008, in violation of 26 U.S.C. § 7206(1) (Count One), and two counts of failing to file a tax return in calendar years 2009 and 2010, in violation of 26 U.S.C. § 7203 (Counts Two and Three).

To prove that Defendant willfully filed a false tax return under 26 U.S.C. § 7206(1), the government must demonstrate the existence of four elements beyond a reasonable doubt: "(1) the defendant made or caused to be made a federal income tax return that [he] verified was true; (2) the return was false as to a material matter; (3) the defendant signed the return willfully and knowing it was false; and (4) the return contained a written declaration that it was made under penalty of perjury." *United States v. Hills*, 618 F.3d 619, 638 (7th Cir. 2010). In the context of criminal tax statutes, willfulness "requires the Government to prove that the law imposed a duty

on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991).

At trial, Defendant will obviously seek to keep the government from proving the elements of the offense in connection with his submission of the allegedly fraudulent 2008 tax return. In support of that argument, Defendant seeks to admit correspondence between himself and the Internal Revenue Service regarding that tax return. Specifically, in or around late 2010, Defendant received a notification from the IRS that his 2008 tax return filing was frivolous, and in response, Defendant sent a letter to the Commissioner of the IRS (the "Letter"). Defense counsel believes that the IRS received the Letter in late 2010 or early 2011.

Defense counsel has petitioned the IRS for a copy of the Letter from within the IRS's internal files. In the event that the IRS copy of the Letter is procured, Defendant will seek to introduce the document at trial. Defendant seeks a pretrial ruling on the admissibility of the Letter at this juncture (and without an IRS copy of the Letter in hand) because defense counsel anticipates that they will not receive a copy of the Letter until very close to the trial date, if at all prior to the trial date. Defendant seeks to avoid placing a last-minute burden on the Court and the Government to consider the admissibility of the Letter and therefore raises the issue in advance. The admissibility of the Letter will also impact defense counsel's trial strategy, and Defendant therefore respectfully requests a pretrial ruling.

## II.  ARGUMENT

There is no question that the Letter is relevant to the conduct charged in Count One. Federal Rule of Evidence 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and  (b) the fact is of consequence in determining the action." Both criteria are met here.

It is the Government's burden to demonstrate beyond a reasonable doubt that Defendant signed the 2008 tax return willfully and knowing it was false. Whether Defendant had knowledge that the return contained false information or merely made a mistake in the filing will be a central question in the jury's consideration of Count One. Defense counsel believes that in the Letter responding to the IRS's assertion that his 2008 return was frivolous, Defendant essentially stated that he made a *mistake* in that return. This statement was made in late 2010, well before the 2015 indictment in this matter, and before Defendant presumably had notice of any potential investigation.[1] The Letter therefore offers support for Defendant's contention that he did not act willfully and is critical evidence relevant to Defendant's state of mind when he filed the tax return.

Although relevant evidence is generally admissible, *see* FRE 102, Defendant recognizes that the Letter and any statement regarding Defendant's mistake are hearsay. Defendant nonetheless believes that the Letter will be admissible because it falls within at least one of the exceptions to hearsay enumerated in FRE 803.

A. **Records of a Regularly Conducted Activity**.

FRE 803(6) states that there is an exception to the rule against hearsay for: "[a] record of an act, event, condition, opinion, or diagnosis if: (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification;

---

[1] Defense counsel bases this assertion on the fact that the discovery produced by the Government is largely dated 2011 and later, although it appears that the investigation into Mr. Laskowski began in late 2010.

and (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness." If defense counsel is able to obtain a copy of the Letter from the IRS files, the Letter should be admissible under this exception.

First, the Letter is a record of Defendant's attempt to communicate with the IRS to address the alleged improprieties with the 2008 tax return. Counsel believes the Letter was drafted and sent shortly after Defendant received the letter from the IRS. It was then recorded as a communication from the taxpayer by the IRS and retained in the IRS files as a regularly conducted business practice. Counsel will seek an affidavit or testimony by an IRS custodian of records to explain the IRS procedures for maintaining taxpayer correspondence.[2] Finally, given the timing of the Letter, which was well before any indictment in this matter, there is no indication that Laskowski sent the Letter in an effort to avoid charges or liability in this matter. Rather, the timing of the Letter supports an inference of good faith. Because the IRS has a practice of retaining and organizing taxpayer correspondence related to filings,[3] the Letter should be admitted under the business records exception to the rule against hearsay.

### B. Then-Existing Mental, Emotional, or Physical Condition.

In the alternative, the Letter should be admitted under FRE 803(3), which creates an exception to the rule against hearsay for: "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)….". This exception is "based upon the theory that substantial contemporaneity of the event and statement negate the likelihood of deliberate or

---

[2] Counsel notes that this testimony could potentially be elicited from the IRS custodian who will testify on behalf of the Government regarding the 2008 return and the alleged lack of a return in 2009 and 2010.
[3] The discovery tendered by the Government includes correspondence between Defendant and the IRS in 2008. Those documents bear hallmarks of internal IRS procedures to catalogue correspondence between taxpayers and the IRS, including a stamp noting the date and location at which the IRS received the correspondence. The IRS also retained the envelope that contained the Defendant's 2008 correspondence, which counsel believes was sent in the same manner as the Letter – certified mail, return receipt requested.

conscious misrepresentation." *United States v. Jackson*, 780 F.2d 1305, 1315 (7th Cir. 1986). To satisfy the exception, "(1) the statement must be contemporaneous with the mental state sought to be proven; (2) it must be shown that declarant had no time to reflect, that is, no time to fabricate or misrepresent his thoughts; and (3) the declarant's state of mind must be relevant to an issue in the case." *United States v. Neely*, 980 F.2d 1074, 1083 (7th Cir. 1992) (citing *United States v. Carter*, 910 F.2d 1524, 1530 (7th Cir. 1990)).

The Letter is a statement of Defendant's existing state of mind in late 2010 regarding the 2008 tax return. It was not a statement drawn from memory, but rather was an immediate response to the IRS letter advising Defendant of the inadequacies of the filing and was therefore contemporaneous with his mental state when the 2008 return was questioned by the IRS and the potential error was brought to his attention.[4] Defendant wrote and sent the Letter quickly after receiving the letter from the IRS regarding his 2008 return, and the Letter therefore has the hallmarks of spontaneity that are required by 803(3). Finally, it is undisputed that the Defendant's state of mind is at issue in this matter. Under FRE 803(3), the Letter should be admitted as relevant and a qualifying exception to the rule against hearsay.

### III.  CONCLUSION

For the reasons discussed above, the Court should grant Defendant's Motion in Limine to admit the correspondence between Defendant and the IRS regarding his 2008 tax return.

Dated: July 11, 2016

---

[4] Although the Government must prove Defendant's mental state at the time Defendant filed the return, evidence of Defendant's mental state upon being advised of the alleged inadequacy of the return is critical. At the time of filing, Defendant either had knowledge of the alleged error in the return and filed willfully in spite of the error, or did not have knowledge. Evidence of his lack of knowledge must be proved indirectly, and Defendant's reaction upon being advised of the alleged error is relevant, indirect evidence of Defendant's mental state at the time of filing.

Respectfully submitted,


By:_*Matthew J. Madden*_____
Matthew J. Madden
Amanda Penabad

MATTHEW J. MADDEN
Attorney At Law, LLC
209 S. LaSalle, 7th Floor
Chicago, IL  60604
(312) 762-9473