**IN THEUNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 15 CR 267 |
| v. | ) | |
| | ) | Hon. Amy J. St. Eve |
| MARK E. LASKOWSKI | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

The government moves in limine to admit evidence that Defendant Mark Laskowski ("Defendant") previously filed tax returns for tax years 1990 through 2005. Defendant moves in limine to (1) admit his 2010 correspondence with the Internal Revenue Service (the "IRS") and (2) exclude certain evidence pursuant to Federal Rules of Evidence 401, 403, and 404(b). The Court addresses each below.

## BACKGROUND

On May 7, 2015, the grand jury returned a three-count indictment (the "Indictment") against Defendant. (R. 1.) Count One charges Defendant with willfully making, subscribing, and causing to be made and subscribed, a United States Individual Income Tax Return (Form 1040 with schedules and attachments) for the calendar year 2008, which return was verified by written declaration that it was made under penalty of perjury and was filed with the IRS, which income tax return he did not believe to be true and correct as to every material matter, in that (1) Line 62 stated that $39,567.25 in federal income tax was withheld, whereas, in truth and fact, as Defendant knew, no federal income tax had been withheld; and (2) Line 72 stated that $39,567.25 was the amount that Defendant had overpaid, whereas, in truth and fact, as Defendant knew, he had not overpaid his taxes, in violation of 26 U.S.C. § 7206(1). (*Id*. at 1.)

Count Two charges Defendant with receiving gross income in excess $9,350 and thereby being required by law, following the close of the calendar year 2009 and on or before April 15, 2010, to make an income tax return (Form 1040 and accompanying attachments), stating specifically the items of his gross income and any deductions and credits to which he was entitled, willfully failed to make and file an income tax return by the time required by law, in violation of 26 U.S.C. § 7203. (*Id*. at 2.) Count Three charges Defendant with receiving gross income in excess of $9,350 and thereby being required by law, following the close of the calendar year 2010 and on or before April 15, 2011, to make an income tax return (Form 1040 and accompanying attachments), stating specifically the items of his gross income and any deductions and credits to which he was entitled, willfully failed to make and file an income tax return by the time required by law, in violation of 26 U.S.C. § 7203. (*Id*. at 3.)

## ANALYSIS

The government moves in limine to admit evidence that Defendant previously filed tax returns for tax years 1990 through 2005. Defendant moves in limine to (1) admit his 2010 correspondence with the IRS and (2) exclude certain evidence pursuant to Federal Rules of Evidence 401, 403, and 404(b). The Court addresses each in turn.

I. **Evidence of Defendant's Properly Filed Tax Returns from 1990 to 2005 is Admissible**

The government moves to admit evidence that Defendant filed tax returns from 1990 to 2005. (R. 44.) Specifically, the government argues that it "must prove that defendant acted willfully to prove that defendant committed the crimes he has been charged with. To establish the willfulness element, the government should be allowed to offer evidence that defendant filed tax returns prior to tax year 2008." (*Id*. at 3.) Defendant does not challenge the relevancy of this evidence. Instead, Defendant claims that these documents "are unduly prejudicial under Federal

Rule of Evidence 403, may confuse the jury, and should be excluded from evidence." (R. 56 at 2.)  The Court disagrees.

"The offense of filing a false tax return requires the government to prove that (1) the defendant made or caused to be made a federal income tax return that he verified as true; (2) the return was false with regard to a material matter; (3) the defendant signed the return willfully, knowing that it was false; and (4) the return contained a written declaration that it was made under penalty of perjury."  *United States v. Hill*, 618 F.3d 619, 634 (7th Cir. 2010) (citing *United States v. Oggoian*, 678 F.2d 671, 673 (7th Cir. 1982)).  In addition, to prove Defendant failed to file a tax return, under 26 U.S.C. § 7203, the government must prove the following elements: 1) Defendant was required by law to file an individual income tax return, 2) Defendant failed to file the return as required by law, and 3) Defendant acted willfully, that is, he knew that he was required by law to file an income tax return and intentionally failed to do so.  *See United States v. Curtis*, 781 F.3d 904, 907–08 (7th Cir. 2015) (citing *United States v. Hassebrock*, 663 F.3d 906, 919 (7th Cir. 2011); *United States v. Beall*, 970 F.2d 343, 347 (7th Cir. 1992)); *see also* Seventh Cir. Pattern Crim. Fed. Jury Instructions at 680 (2012).  "'Willful in the tax crime statutes means a voluntary, intentional violation of a known legal duty.'"  *United States v. Ferguson*, 793 F.2d 828, 831 (7th Cir. 1986) (quoting *United States v. Green*, 757 F.2d 116, 123 (7th Cir. 1985)).  Importantly, "the Government may show willfulness by presenting a defendant's properly filed income tax returns or W-4 forms from prior years."  *Id*. (quoting *United States v. Serlin*, 707 F.2d 953, 959 (7th Cir. 1983); *United States v. Moore*, 627 F.2d 830, 832 (7th Cir. 1980), *cert denied*, 450 U.S. 916, 101 S. Ct. 1360, 67 L. Ed. 2d 342 (1981)).  Thus, evidence that Defendant filed individual income tax returns from 1990 to 2005 is admissible to demonstrate that he willfully violated 26 U.S.C. §§ 7206(1) & 7203.

Defendant's counterargument is unavailing. Specifically, he alleges that "the probative value of these older tax returns is outweighed by the unfair prejudice they would engender, as well as their potential to confuse the jury." (R. 56 at 2 (citing Fed. R. Evid. 403).) "Rule 403 permits a district court to 'exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.' " *United States v. Boros*, 668 F.3d 901, 909 (7th Cir. 2012) (quoting Fed. R. Evid. 403). Evidence is "probative" when it has "any tendency to make a fact more or less probable than it would be without the evidence." *United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014) (quoting Fed. R. Evid. 401). Importantly, "most relevant evidence is, by its very nature, prejudicial;" therefore, "evidence must be *unfairly* prejudicial to require exclusion." *Boros*, 668 F.3d at 909. (emphasis in original) (citing *United States v. Hanna*, 630 F.3d 505, 511 (7th Cir. 2010)). Courts consider evidence's probative and prejudicial value on a sliding scale: "The more probative the evidence, the more the court will tolerate some risk of prejudice, while less probative evidence will be received only if the risk of prejudice is more remote." *Id*. (citing *United States v. Vargas*, 552 F.3d 550, 557 (7th Cir. 2008)).

Here, the government's proffered tax documents are directly relevant. They demonstrate that Defendant successfully filed individual income tax returns for nearly fifteen years leading up to the charged years. Defendant admits that "these documents may be relevant to [his] state of mind[.]" (R. 56 at 2.) Indeed, this evidence is probative of Defendant's knowledge that the IRS requires people to file accurate individual income tax returns every year. The Court acknowledges that this relevant evidence is inherently prejudicial. It is not, however, "*unfairly* prejudicial." *Boros*, 668 F.3d at 909. Defendant erroneously focuses on the fact that the returns

at issue predate the charged tax years. Specifically, he argues that "[w]hile the introduction of the older returns may tend to show *previous* knowledge of a tax duty, the government is required to prove beyond a reasonable doubt that, at the time the 2008 return was filed, and at the time the 2009 and 2010 returns became due, Defendant was aware of a legal duty to file a correct tax return for the tax year in question." (R. 56 at 3.) He further asserts that "the introduction of these older returns has the potential to confuse the jury regarding Defendant's state of mind during the time period relevant to the charged offenses." (*Id*.) The Seventh Circuit, however, has explicitly rejected this argument and stated that the government may utilize properly filed tax returns from "*prior* years" to illustrate a defendant's willfulness under tax crime statutes. *Ferguson*, 793 F.2d at 831 (emphasis added). Thus, Federal Rule of Evidence 403 does not render the evidence of Defendant's previously filed tax returns inadmissible.

## II. Defendant's 2010 Correspondence with the IRS is Inadmissible Hearsay

Defendant seeks to "introduce evidence of [his] 2010 communications with the [IRS]." (R. 56 at 1.) Specifically, "in or around late 2010, Defendant received a notification from the IRS that his 2008 tax return filing was frivolous[.]" (*Id*. at 2.) Defendant "believes that in [his] Letter responding to the IRS's assertion that his 2008 return was frivolous, [he] essentially stated that he made a *mistake* in that return." (*Id*. at 3 (emphasis in original).) He asserts that the letter "offers support for [his] contention that he did not act willfully and is critical evidence relevant to [his] state of mind when he filed the tax return." (*Id*.) As an initial matter, Defendant has not explained the relevance of this letter. His intent at the time he filed his 2008 return is relevant, not his mindset over a year letter when he sent the IRS this letter.

Furthermore, even assuming the relevance of the letter, Defendant admits that "the Letter and any statement regarding Defendant's mistake are hearsay." (*Id*.) Nevertheless, he maintains

5

that it is admissible as 1) a business record under Federal Rule of Evidence of 803(6), 2) a then existing mental, emotional, or physical condition under Federal Rule of Evidence 803(3), and 3) non-hearsay "for the purpose of demonstrating Defendant's good faith belief at the time he wrote the letter" under Federal Rule of Evidence 801(c). (R. 56, 71.) None of these rules are applicable.

      A.      **Defendant's 2010 Letter is not a Business Record Under Rule 803(6)**

"Federal Rule of Evidence 803(6) allows admission of hearsay documents that record a 'regularly conducted activity' where (A) the records are made 'at or near the time' of the activity 'by—or from information transmitted by—someone with knowledge;' (B) the records are 'kept in the course of a regularly conducted activity of a business, organization, occupation, or calling;' (C) 'making the record [i]s a regular practice of that activity;' (D) 'all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification;' and (E) 'neither the source of the information nor the method or circumstances of preparation indicate a lack of trustworthiness.'" *United States v. Brown*, 822 F.3d 966, 972 (7th Cir. 2016) (citing Fed. R. Evid. 803(6)); *see also Jordan v. Binns*, 712 F.3d 1123, 1135 (7th Cir. 2013) (quoting Fed. R. Evid. 803(6); *Coates v. Johnson & Johnson*, 756 F.2d 524, 549 (7th Cir. 1985); *United States v. Chappell*, 698 F.2d 308, 311 (7th Cir. 1983)); *United States v. Reese*, 666 F.3d 1007, 1017 (7th Cir. 2012). It is the government's burden to show a lack of untrustworthiness. *See Jordan v. Binns*, 712 F.3d 1123, 1136 (7th Cir. 2013) (citing *Shelton v. Consumer Prods. Safety Comm'n*, 277 F.3d 998, 1010 (8th Cir. 2002)).

Defendant's 2010 letter to the IRS regarding his 2008 individual income tax return does not fulfill these requirements. Specifically, the "source of the information" and "the method or circumstances of preparation" both "indicate a lack of trustworthiness." *Brown*, 822 F.3d at 972

(citing Fed. R. Evid. 803(6)). Defendant drafted the letter in late 2010—over a year after filing his 2008 tax return about which the IRS inquired. Given this lapse in time, Defendant's letter lacks the "indicia of reliability" that characterize statements made at the time of events in question. *United States v. Sinclair*, 74 F.3d 753, 759 (7th Cir. 1996) ("[Declarant's] motive and the nature of his penal interests affect trustworthiness, but these indications must be weighed against the great lapse in time between the statement and the event that it describes. Most of the recognized exceptions to the hearsay rule permit the admission of hearsay statements that convey personal knowledge at the time of their utterance. *The immediacy of this knowledge is one of the key circumstances indicating trustworthiness.* These exceptions to the hearsay rule do not include statements that express memory of distant events.") (citing Fed. R. Evid. 803) (emphasis added). Notably, as explained earlier, it is Defendant's mindset in 2008 that is relevant, not his memory of his mindset over a year later. Additionally, the self-serving nature of Defendant's letter, claiming that he made a mistake in his 2008 income tax return after the IRS informed him that it thought the return was frivolous, calls into question its trustworthiness. "A party's self-serving, exculpatory, out-of-court statement generally constitutes inadmissible hearsay." *United States v. Doxy*, 225 Fed. App'x 400, 402 (7th Cir. 2007); *see also Stock v. Rednour*, 621 F.3d 644, 649–50 (7th Cir. 2010) (highlighting the "basic evidentiary principle that self-serving, out-of-court statements are inadmissible for the purpose of exculpating the declarant.") (citing *United States v. Haddad*, 10 F.3d 1252, 1258 (7th Cir. 1998)); *United States v. Ferrell*, No. 11 CR 595, 2013 WL 2636108, at *5 (N.D. Ill. June 12, 2013). Indeed, Defendant faced an IRS frivolous tax return accusation and a hefty $5,000 fine. In sum, the government has met its burden in demonstrating that the letter's source and circumstances indicate a lack of

trustworthiness. Thus, Defendant's 2010 letter does not qualify as a business record under Federal Rule of Evidence 803(6).

### B. Defendant's 2010 Letter is Not a Then Existing Mental, Emotional, or Physical Condition under Rule 803(3)

"Rule 803(3) exempts from the bar on hearsay '[a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed. . . ." *United States v. Stallworth*, 656 F.3d 721, 727 (7th Cir. 2011) (quoting Fed. R. Evid. 803(3)). "Three requirements must be satisfied for a statement to be admissible under the state of mind exception to the hearsay rule: (1) the statement must be contemporaneous with the mental state sought to be proven; (2) it must be shown that declarant had no time to reflect, that is, no time to fabricate or misrepresent his thoughts; and (3) the declarant's state of mind must be relevant to an issue in the case." *United States v. Rucker*, No. 15 C 50202, 2015 WL 9478216, at *6 (N.D. Ill. Dec. 29, 2015) (quoting *United States v. Neely*, 980 F.2d 1074, 1083 (7th Cir. 1992)). "The exception simply does not apply to 'a statement of memory or belief[.]'" *United States v. Vargas*, 689 F.3d 867, 877 (7th Cir. 2012) (quoting Fed. R. Evid. 803(3)) (analyzing the phrase "was here buying a truck," concluding that, "[a]s the verb tense . . . indicates, [defendant] made the statement to prove a fact remembered").

Here, Defendant's 2010 letter to the IRS is exactly the kind of statement explicitly excepted from Rule 803(3). Defendant's 2010 letter to the IRS regarding his actions in 2008 is necessarily comprised of past-tense statements of memory. As the Court explained above, Defendant's mindset in 2008 is what matters. His written account of what that mindset was over a year later is irrelevant. Moreover, Defendant had time to draft his written response to the IRS,

8

allowing him the opportunity to reflect and, as a result, possibly fabricate or misrepresent his thoughts. As noted earlier, Defendant faced a $5,000 fine, providing him an incentive to do so. Thus, Defendant's 2010 letter to the IRS does not qualify as a then existing mental, emotional, or physical condition under Federal Rule of Evidence 803(3).

### C. Defendant's 2010 Letter is Not Admissible Non-Hearsay Under Rule 801(c)

Finally, Defendant argues that he "intends to offer the letter to demonstrate his belief that he had properly filled out the return when he filed it, and was surprised at the IRS's determination." (R. 71 at 2.) "Because Defendant does not seek to introduce the letter to prove the truth of the statement contained therein, but rather his lack of willfulness," Defendant concludes, "it does not constitute hearsay and is admissible." (*Id*. (citing *United States v. Harris*, 942 F.2d 1125, 1130 (7th Cir. 1991).)

*Harris*, however, is not applicable. Under Rule 801(c), "'[h]earsay' means a statement that the declarant does not make while testifying at the current trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). In *Harris*, the defendant was charged, in part, with two counts of failing to file federal income tax returns under 26 U.S.C.§ 7203. *See Harris*, 942 F.2d at 1130. Specifically, the government alleged that the defendant had failed to pay income tax on more than a half a million dollars of items that a man, Mr. Kritzik, had given her over the course of several years before dying. *See id*. at 1127. The defendant claimed that the items she had received from Mr. Kritzik were gifts of his love, not taxable income. *See id*. at 1130. To prove as much, she sought to introduce three "love letters" from Mr. Kritzik, referencing the items. *See id*. The Seventh Circuit found that the district court erred in excluding the three letters as hearsay. *See id.* at 1130–31. "[T]he letters," the Seventh Circuit concluded, "were not hearsay for the purpose of showing what

9

Harris believed, because her belief does not depend on the actual truth of the matters asserted in the letters. Even if Kritzik were lying, the letters could have caused Harris to believe in good faith that the things he gave her were intended as gifts." *Id*. In other words, the letters, from *someone else*, were admissible, as they were not admitted for the truth of the matter asserted, but to illustrate the impact the letters had on the defendant's belief regarding the items at issue. Here, Defendant wrote the letter *himself*. It is not a letter from the IRS or someone else showing the letter's effect on Defendant's state of mind. Instead, Defendant's attempt to illustrate his own belief with his own letter inappropriately relies on the letter's truthfulness, making the letter hearsay. Moreover, as described above, that truthfulness is inherently unreliable given the self-serving authorship and circumstances. Thus, *Harris* is inapplicable, and the letter is not admissible non-hearsay.

### III. Defendant's Statements

Defendant also moves to exclude certain evidence pursuant to Federal Rules of Evidence 401 and 403. Specifically, Defendant moves to exclude (1) evidence of his alleged threats toward tenants entailing the IRS's taxing capabilities and (2) evidence of his attempts to encourage a witness not to speak with the government. (R. 59.) The Court addresses both below. Defendant also seeks to exclude other evidence. The government, however, represents that it "does not plan to elicit testimony that defendant: (1) discussed blowing up his house, (2) said in 2012 that he did not have to pay his taxes, (3) sold items before 2008, (4) heard statements from an accountant after 2011 regarding reporting obligations, (5) failed to pay his 2011 and later taxes, and (6) put a lien on a judge's property." (R. 66 at 1.) The Court, therefore, denies this aspect of the motion as moot.

**A.    Defendant's Threat Toward Tenants Entailing the IRS's Taxing Capabilities**

Defendant seeks to exclude evidence that he, in part, "made verbal threats including . . . a threatened report to the IRS that the tenant owed him money." (R. 59 at 2.) He maintains that this evidence is irrelevant under Rule 401 and "unfairly prejudicial" under Rule 403. (*Id*.) Specifically, the government plans to elicit testimony that "Defendant rented several properties to tenants." (R. 66 at 6.) "One tenant, RH-H, is expected to testify that . . . RH-H decided to move out of the property[.]" (*Id*.) Subsequently, in around 2010, Defendant told RH-H "that if the tenant stopped paying him rent, he would report the tenant to the IRS, to which the tenant would have to pay a tax or penalty." (*Id*.) The government contends that this evidence is relevant to the issue of Defendant's willfulness, as it "helps show defendant knew of his tax-paying duty and voluntarily violated it when he filed a false return in 2008 and failed to file in 2009 and 2010." (*Id*. at 7.) The Court disagrees and finds the evidence at issue inadmissible under Rule 403.

"Before admitting evidence, a district court should 'weigh the need for and probative value of the evidence against potential harm that its admission might cause.'" *United States v. Miller*, 688 F.3d 322, 327 (7th Cir. 2012) (*Mihailovich v. Laatsch*, 359 F.3d 892, 906 (7th Cir. 2004)). Here, the evidence at issue is marginally probative of Defendant's guilt and presents undue prejudice. The evidence that Defendant threatened to report a tenant to the IRS to trigger a "tax or penalty" does not necessarily provide evidence that Defendant was aware of his own tax responsibilities. Put differently, the comment does not reflect that Defendant threatened to report the tenant for filing a fictitious tax return. Instead, it, at most, tangentially illustrates that Defendant had general knowledge of the IRS, taxes, and penalties. Unlike Defendant's own filed tax returns described above and his failure to file tax returns as charged in Counts Two and

Three, this evidence is not necessarily probative of his willfulness to commit the charged tax crimes. Moreover, any probative value this marginally relevant evidence offers is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. "Evidence is unduly prejudicial if it creates a genuine risk that the emotions of the jury will be excited to irrational behavior, and the risk is disproportionate to the probative value of the offered evidence." *United States v. Miller*, 688 F.3d 322, 327 (7th Cir. 2012) (quoting *United States v. Loughry*, 660 F.3d 965, 971 (7th Cir. 2011)). A jury could fail to disentangle natural emotions toward Defendant's threats against a tenant from its responsibility to determine his guilt of committing tax crimes, wholly unrelated from how he treats tenants. In light of this risk and the minimal probative value this evidence offers, the Court declines to admit it.

### B. Defendant's Attempt to Prevent a Witness from Speaking with the Government

Defendant also seeks to exclude evidence that he encouraged "a witness to not answer her front door to accept a grand jury subpoena in 2014." (R. 59 at 7.) Specifically, he alleges that this act has "minimal probative value and fall[s] outside the relevant timeframe, but carr[ies] a great deal of unfair prejudice. Th[is] 'other act[]' should be excluded under a 404(b) and 403 analysis." (*Id.*) The Court disagrees. This evidence constitutes direct evidence of the charged crimes and, alternatively, is supported by a propensity-free chain of reasoning.

"A defendant's attempt to intimidate a potential witness is probative of his consciousness of guilt[.]" *Gonzalez v. Olson*, No. 11 C 8356, 2015 WL 3671641, at *19 (N.D. Ill. June 12, 2015) (citing *United States v. Mokol*, 646 F.3d 479, 483 (7th Cir. 2011) (referring to the "widely recognized principle that a defendant's attempts to intimidate potential witnesses are probative of his consciousness of guilt"); *see also United States v. Miller*, 276 F.3d 370, 373–74 (7th Cir. 2002) ("Evidence that the defendant threatened a potential witness or a person cooperating with a

government investigation is relevant to show the defendant's consciousness of guilt. . . . [T]he threat was relevant to show that [the defendant] was conscious that [the witness's] testimony—or potential cooperation with the prosecution—could damage her case, and thus that she was conscious of her guilt."); *United States v. DeAngelo*, 13 F.3d 1228, 1232 (8th Cir. 1994) (referring to "the evidence of threats" as "direct evidence of the crime charged[.]"). Thus, Defendant's attempt to prevent a witness from cooperating with the government's investigation is direct evidence of the charged crimes. Moreover, pursuant to Rule 403, if a reasonable jury concluded that Defendant's behavior amounted to witness intimidation, it "could be probative of [Defendant's] consciousness of guilt and . . . *not* unduly prejudicial." *Id*. (emphasis added) (citing *Mokol*, 646 F.3d at 483). As a result, the Court declines to exclude this evidence.

Alternatively, interpreting this evidence as an "other act" under 404(b), Defendant's attempt to encourage a potential witness to avoid a grand jury subpoena "is relevant without relying on a propensity inference." *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014). "Rule 404(b) excludes relevant evidence of other crimes, wrongs, or acts if the purpose is to show a person's propensity to behave in a certain way[.]" *Id*. at 855. "[O]ther-act evidence may be admitted," however, "for 'another purpose' including, but not limited to, 'proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *Id*. (citing Fed. R. Evid. 404(b)). In other words, "the rule allows the use of other-act evidence only when its admission is supported by some propensity-free chain of reasoning." *Id*. (citing *United States v. Lee*, 724 F.3d 968, 976–77 (7th Cir. 2013)). Here, Defendant encouraged a potential witness to avoid receiving a grand jury subpoena. As explained above, this act illustrates Defendant's consciousness of guilt and attempt to avoid inquiry or punishment. Connecting Defendant's attempt to prevent someone from aiding the government's investigation

13

to his consciousness of guilt requires no propensity inference. As such, "Rule 404(b) . . . will ordinarily not keep such [witness intimidation] evidence from the jury." *Mokol*, 646 F.3d at 483–84 (citing *Untied States v. DeAngelo*, 13 F.3d 1228, 1232 (8th Cir. 1994) ("[A]s direct evidence of the crime charged, the evidence of threats is not even 404(b) evidence."); *see also United States v. Anzaldi*, 800 F.3d 872, 882 (7th Cir. 2015) ("The propensity-free chain of reasoning is clear. [Defendant's] attempted fee structuring tended to prove her intent to defraud the United States because she would not attempt to hide from the government her involvement with these tax returns if she truly believed her tax positions were legitimate. The evidence also helped negate her asserted defense that she had acted in good faith.") As such, the Court denies Defendant's motion to exclude this evidence under Rule 404(b).

## CONCLUSION

For the foregoing reasons, the Court 1) admits Defendant's prior income tax returns from 1990 to 2005; 2) excludes Defendant's 2010 letter to the IRS regarding its 2008 income tax return inquiry; 3) excludes Defendant's threat toward tenants entailing the IRS's taxing capabilities; and 4) admits evidence that Defendant encouraged a potential witness to avoid accepting a grand jury subpoena.

**DATED:** July 27, 2016                      **ENTERED**

_____
AMY J. ST. EVE
United States District Court Judge