IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 15 CR 267 |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| MARK LASKOWSKI | ) | |

**MOTION FOR JUDGMENT OF ACQUITTAL**
**<u>NOTWITHSTANDING THE VERDICT</u>**

The defendant, MARK LASKOWSKI, by his attorney MATTHEW J. MADDEN, respectfully requests this Honorable Court to enter an order granting him a judgment of acquittal on Counts One, Two, and Three notwithstanding the verdict under Federal Rule of Criminal Procedure 29(c). In support of this motion, the defendant states as follows:

1. Mr. Laskowski received a jury trial that took place between August 8 and August 10, 2016. The jury returned verdicts of guilty as to Counts One, Two and Three. The Court entered judgment on the findings.

2. Counsel for Mr. Laskowski also intends to file a Motion for a New Trial, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, in the event that counsel is still representing Mr. Laskowski as of the post-trial motion date set by the Court. In this motion, which is filed pursuant to Rule 29, he moves for a judgment of acquittal on Counts One, Two, and Three notwithstanding the verdict. Defense counsel has not obtained nor reviewed a complete transcript of the trial proceedings, thus, the instant motion is submitted to meet time constrictions as set by Rule and this Court's order. Accordingly, any errors that are evident only after review of the complete Transcript of Proceedings and Record on Appeal are not intended to be waived

by filing this motion.

  3. Mr. Laskowski asserts that the evidence adduced at trial, even taken in the light most favorable to the prosecution, failed to prove his guilt beyond a reasonable doubt. *See United States v. Moya*, 721 F.2d 606, 610 (7th Cir. 1983). A guilty verdict can be sustained only if there was sufficient credible and probative evidence, which proved beyond a reasonable doubt that Mark Laskowski was guilty of each element of the crime charged in each count. *United States v. Mortensen*, 322 U.S. 369 (1944). Failure to prove an essential element entitles the defendant to an acquittal. *Christoffer v. United States*, 388 U.S. 84 (1949).

  4. In Mr. Laskowski's case, the evidence adduced at trial failed, as a matter of law, to prove beyond a reasonable doubt that he acted willfully in filing a false tax return as to tax year 2008 as charged in Count One, or that he acted willfully in failing to file tax returns for tax years 2009 and 2010 as charged in Counts Two and Three. More specifically, as to all counts, the government failed to prove beyond a reasonable doubt that Mr. Laskowski did not believe in good faith that he was acting in accordance with his legal duties.

  5. The defendant must be acquitted by this Court on Counts One, Two, and Three since the evidence, viewed in the light most favorable to the government, failed to prove an essential element of his guilt beyond a reasonable doubt, and the findings of the jury must be reversed.

  WHEREFORE, for all the above reasons, MARK LASKOWSKI respectfully requests entry of a judgment of acquittal.

                                            Respectfully submitted,

                                                  *Matthew J. Madden*
                                                  *Amanda Penebad*


                                     MATTHEW J. MADDEN
                                    ATTORNEY AT LAW, LLC
                                    209 S. LaSalle, 7th Floor
                                            Chicago, IL 60604
                                              (312) 762-9473