# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **No. 15 CR 267** |
| **v.** | ) | |
| | ) | **Hon. Amy J. St. Eve** |
| **MARK E. LASKOWSKI** | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Defendant Mark Laskowski has moved the Court for judgment of acquittal or, in the alternative, a new trial. For the reasons discussed below, Defendant's motions are denied.

## BACKGROUND

On May 7, 2015, the grand jury returned a three-count indictment (the "Indictment") against Defendant. (R. 1.) Count One charged Defendant with willfully filing a false 2008 tax return, in violation of 26 U.S.C. § 7206(1). Counts Two and Three charged him with willfully failing to file a tax return for 2009 and 2010, in violation of 26 U.S.C. § 7203.

Defendant proceeded to trial on August 8, 2016. Defendant initially informed the Court that he wanted to represent himself at trial. After jury selection, Defendant reconsidered his position and his appointed counsel resumed representing him. On August 10, 2016, the jury found Defendant guilty on all counts. (R. 86.)

During the course of the trial, the government called the following witnesses: Justin Thomas Foxx (J.T.), Lourdes Tincopa (Defendant's renter), Jeffrey Eversden (Senior Vice President at Wintrust), Andrew Barker (Financial Center Manager at Fifth Third Bank), Shirley Ball (Internal Revenue Service ("IRS") court witness coordinator), Lisa Cicchini (Nissan Motor Acceptance Corporation), Michael David Holmgren (neighbor & tax preparer), Rolanda Hughes-

Harrison (Defendant's renter), Dora McGary (Defendant's renter), and Paul Ponzo (IRS Revenue

Agent).  In addition, Defendant called Adam Ackerman (Defendant's business partner) as a

witness.

## LEGAL STANDARD

**I.      Motion for Judgment of Acquittal – Rule 29**

Federal Rule of Criminal Procedure Rule 29(a) provides that, "[a]fter the government

closes its evidence or after the close of all the evidence, the court on the defendant's motion must

enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a

conviction."  Fed. R. Crim. P. 29(a).  "In challenging the sufficiency of the evidence, [a

defendant] bears a heavy, indeed, nearly insurmountable, burden."  *United States v. Warren*, 593

F.3d 540, 546 (7th Cir. 2010); *see also United States v. Miller*, 782 F.3d 793, 797 (7th Cir. 2015)

("We have referred to this standard as a nearly insurmountable hurdle[.]") (inner quotation marks

omitted) (citation omitted); *United States v. Molton*, 743 F.3d 479, 483 (7th Cir. 2014); *United

States v. Torres–Chavez*, 744 F.3d 988, 993 (7th Cir. 2014); *United States v. Jones*, 713 F.3d

336, 339-40 (7th Cir. 2013); *United States v. Berg,* 640 F.3d 239, 246 (7th Cir. 2011); *United

States v. Morris*, 576 F.3d 661, 665–66 (7th Cir. 2009).  The reviewing court must view the

"evidence in the light most favorable to the prosecution," and the defendant "'must convince' the

court that, even in that light, 'no rational trier of fact could have found him guilty beyond a

reasonable doubt.'"  *Id*. (quoting *United States v. Moore*, 572 F.3d 334, 337 (7th Cir. 2009)); *see

also United States v. Eller*, 670 F.3d 762, 765 (7th Cir. 2012); *United States v. Dood*y, 600 F.3d

752, 754 (7th Cir. 2010) (stating that the inquiry is "whether evidence exists from which any

rational trier of fact could have found the essential elements of a crime beyond a reasonable

doubt").  In other words, a court will "set aside a jury's guilty verdict only if 'the record contains

no evidence, regardless of how it is weighed,' from which a jury could have returned a conviction."  *United States v. Presbitero*, 569 F.3d 691, 704 (7th Cir. 2009) (quoting *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)); *see also Warren*, 593 F.3d at 546.  It follows that under Rule 29, courts "do not reassess the weight of the evidence or second-guess the trier of fact's credibility determinations."  *United States v. Arthur*, 582 F.3d 713, 717 (7th Cir. 2009).  This strict standard is in recognition that "[s]orting the facts and inferences is a task for the jury." *Warren*, 593 F.3d at 547.  Indeed, the Seventh Circuit teaches that:

> [t]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.  But this inquiry does not require a court to ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Moore*, 572 F.3d at 337 (quoting *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).

## II.     Motion for a New Trial – Rule 33

Rule 33 of the Federal Rules of Criminal Procedure provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a); *see also United States v. Berg*, 714 F.3d 490, 500 (7th Cir. 2013); *United States v. Smith*, 674 F.3d 722, 728 (7th Cir. 2012) (reviewing a district court's order on a Rule 33 motion for abuse of discretion); *United States v. McGee*, 408 F.3d 966, 979 (7th Cir. 2005).  "'[C]ourts have interpreted [Rule 33] to require a new trial in the interests of justice in a variety of situations in which the substantial rights of the defendant have been jeopardized by errors or omissions during trial.'"  *United States v. Eberhart*, 388 F.3d 1043,

1048 (7th Cir. 2004) (quoting *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989)), *overruled on other grounds*, 546 U.S. 12, 126 S. Ct. 403, 163 L. Ed. 2d 14 (2005).

"'A jury verdict in a criminal case is not to be overturned lightly,'" however, "'and therefore a Rule 33 motion is not to be granted lightly.'" *Eberhart*, 388 F.3d at 1048 (quoting *United States v. Santos*, 20 F.3d 280, 285 (7th Cir. 1994)). The court "may grant a new trial if the jury's verdict is 'so contrary to the weight of the evidence that a new trial is required in the interest of justice.'" *United States v. Washington*, 184 F.3d 653, 657 (7th Cir. 1999) ("The focus in a motion for a new trial is not on whether the testimony is so incredible that it should have been excluded. Rather, the court considers whether the verdict is against the manifest weight of the evidence, taking into account the credibility of the witnesses."); *see also United States v. Chambers*, 642 F.3d 588, 592 (7th Cir. 2011). In other words, "[t]he court should grant a motion for a new trial only if the evidence 'preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.'" *United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007) (quoting *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989)); *see also Presbitero*, 569 F.3d at 706.

**I.      The Evidence Was More than Sufficient to Convict Defendant on All Counts**

Defendant argues that the government failed to prove beyond a reasonable doubt that Defendant "did not believe in good faith that he was acting in accordance with his legal duties." Viewing the evidence in the light most favorable to the government, a rational trier of fact easily could have found all of the elements of the charged crimes beyond a reasonable doubt.

Count One charged Defendant with filing a false tax return for the tax year 2008. In order to find Defendant guilty of Count One, the government had to prove the following elements: 1) Defendant prepared an income tax return or caused someone to prepare an income

tax return;  2) the income tax return was false or incomplete as to a material matter, as charged in Count One; 3) Defendant signed the income tax return, which contained a written declaration that it was made under penalties of perjury; 4) Defendant acted willfully, that is, he knew that he had a legal duty to file a truthful and complete tax return, but when he signed the return, he did not believe that it was truthful or complete as to a material matter; and 5) Defendant filed or caused someone to file the income tax return with the Internal Revenue Service.  *United States v. Hills*, 618 F.3d 619, 634 (7th Cir. 2010).   Defendant only contests the sufficiency of the government's evidence as to the willfulness requirement.

Counts Two and Three charged Defendant with willfully failing to file a tax return for the tax years 2009 and 2010, respectfully.  In order to prove Defendant guilty of each of these counts, the government had to prove the following elements beyond a reasonable doubt for each count: 1) Defendant was required by law to file an individual income tax return for the calendar year in question; 2) Defendant failed to file the return as required by law; and 3) Defendant acted willfully, that is, he knew that he was required by law to file an income tax return and intentionally failed to do so.  *United States v. Foster*, 789 F.2d 457, 560 (7th Cir. 1986). Defendant does not contest that the government proved he had taxable income in 2009 and 2010, yet failed to file his tax returns for those years.  He only contests the sufficiency of the evidence as to the willfulness element.

Defendant argues that the government failed to prove that he willfully filed the false 2008 tax return and willfully failed to file his 2009 and 2010 tax returns.  As the Court instructed the jury:

> A person does not act willfully if he believes in good faith that he is
> acting within the law, or that his actions comply with the law.
> Therefore, if the defendant actually believed that what he was doing
> was in accord with the tax laws, then he did not willfully fail to file tax

5

returns or make a false statement on a tax return.  This is so even if
the defendant's belief was not objectively reasonable, as long as he held the belief in
good faith.  However, you may consider the reasonableness of the defendant's belief,
together with all the other evidence in the case, in determining whether the defendant
held that belief in good faith.

(R. 84, Jury Instructions at 23.)   *See also United States v. Collins*, 685 F.3d 651, 655 (7th Cir.

2012).

Defendant signed his 2008 tax return under penalty of perjury.  He represented that "to

the best of my knowledge and belief, they are true, correct and complete."  His 2008 tax return

reflected that he claimed $39,567.25 in federal income tax withheld from Nissan Motor

Acceptance Corporation.  Defendant also submitted a supporting form 1099 reflecting that

Nissan Motor Acceptance Corporation withheld the federal income tax of $39,567.25.  As Lisa

Cicchini, the Area Operations Manager for Nissan Motor Acceptance Corporation, testified,

however, Defendant never worked for Nissan.  She confirmed that Nissan never employed him

or had him work at Nissan in any capacity.  Instead, Defendant's only relationship with Nissan

was that he had submitted a credit application to Nissan as President of a company named

Venture Management, LLC in 2008.   (Gov. Ex. Nissan Credit Application.)  The lease was for

Venture Management, LLC and Defendant to co-lease a 2009 Nissan Murano.  The lease listed

the cost of the Nissan Murano as $39,567.25 with monthly lease payments of $ 527.33.  (Gov.

Ex. Nissan Lease.)  Defendant signed the lease agreement.  Ms. Cicchini further testified that

Nissan never sent Defendant a form 1096 or form 1099, nor did it ever withhold any federal

taxes on behalf of Defendant.   Defendant's submission of his 2008 tax return reflecting that

Nissan Motor Acceptance Corporation had withheld $39,567.25 in federal income tax was false.

The documentation and testimony from Ms. Cicchini and Defendant's use of the fraudulent

figure of $39,567.25 – the precise cost of the Nissan Murano that Defendant leased in 2008 – is further evidence of his willfulness.

In addition, Defendant had filed his tax returns for approximately 18 years. This evidence demonstrated that Defendant knew he had an obligation to annually file tax returns and knew he had to file truthful tax returns. It supports that his failure to do so for 2009 and 2010 was willful and his fraudulent return in 2008 was willful. *See United States v. Ferguson*, 793 F.2d 828, 831 (7th Cir. 1986).

Mark Ackerman also testified at trial regarding how he and Defendant were partners in Foreclosure Defense and made $300,000 in 2010. Ackerman testified that they split the $300,000. Defendant's share went to his company, Venture Management. Ackerman further testified that Defendant filed the tax returns for Foreclosure Defense, further demonstrating his knowledge that he had to file a return. Moreover, in filing the K-1 with the Foreclosure Defense tax return, the K-1 was missing the page that listed the income to Defendant's company, Venture Management, despite the fact that Defendant split the $300,000 with his partner. This evidence further demonstrates Defendant's willfulness in failing to file his return.

Defendant's willfulness was further established through the testimony of two individuals who rented properties from him. Specifically, Ms. Hughes-Harrison who had rented a home from Defendant since 2001, testified about a conversation she had with Defendant in her home in the Fall of 2009. During that conversation, they were discussing rent payments on the property she rented. She testified that Defendant told her:

> Yes. He said that he was some type or sovereign or some type or something he had declared himself, that he didn't have to pay any bills. That he had a stack of bills in his hand, the top one was -- I saw it had a stamp on it and it was addressed to Timothy [Geithner]. He said he sends all his bills to him; that, you know, they've been trying to get me, but the government can't get me. I've declared myself something -- and I think it was sovereign, but I'm not sure. But it was something he had declared himself.

(Trial Transcript ("Tr.") at 446.)   Similarly, Dora McGary, another person who had rented from

Defendant since 2007, testified that she had a conversation with Defendant in 2009 after some

individuals from the bank came to her home and told her it was going into foreclosure.

Defendant told her not to worry.  "He told me no one can touch the house because he had a land

patent on there and he was a sovereign citizen."  (Tr. at 491.)

Defendant has not met his heavy burden.  Viewing this evidence in the light most

favorable to the government, any rational trier of fact could have found the essential elements of

the crime – including the willfulness element in each count -- beyond a reasonable doubt.

**II.      The Court Did not Err in Finding Defendant's 2010 Letter to the IRS Inadmissible**

Defendant argues that the Court erred when it refused to allow him to admit his 2010

correspondence with the IRS.  On July 27, 2016, the Court issued a detailed ruling on this issue

and held the correspondence inadmissible hearsay.  (R. 77,  Memorandum Opinion.)  The Court

incorporates its prior ruling herein.  Defendant has not raised any new issues regarding this

correspondence.   Defendant's arguments fail for the same reasons articulated in the Court's July

27, 2016 Opinion.

**III.     The Court Did Not Err When ruling that the Government Could Elicit Defendant's Attempts to Encourage CB Not to Speak with the Government**

In advance of trial, Defendant sought to exclude evidence that he encouraged witness CB

not to answer her front door to accept a grand jury subpoena in his case.  Defendant argued that

the Court should exclude such evidence under Federal Rules of Evidence 404(b) and 403.  The

Court denied Defendant's motion, holding that the evidence constituted direct evidence of the

charged crimes because it was probative of his consciousness of guilt.  (R. 7, Memorandum

Opinion at 12-14.)   Specifically, the Court ruled:

> "A defendant's attempt to intimidate a potential witness is probative of his consciousness
> of guilt[.]" *Gonzalez v. Olson*, No. 11 C 8356, 2015 WL 3671641, at *19 (N.D. Ill. June

12, 2015) (citing *United States v. Mokol*, 646 F.3d 479, 483 (7th Cir. 2011) (referring to the "widely recognized principle that a defendant's attempts to intimidate potential witnesses are probative of his consciousness of guilt"); *see also United States v. Miller*, 276 F.3d 370, 373–74 (7th Cir. 2002) ("Evidence that the defendant threatened a potential witness or a person cooperating with a government investigation is relevant to show the defendant's consciousness of guilt. . . . [T]he threat was relevant to show that [the defendant] was conscious that [the witness's] testimony—or potential cooperation with the prosecution—could damage her case, and thus that she was conscious of her guilt."); *United States v. DeAngelo*, 13 F.3d 1228, 1232 (8th Cir. 1994) (referring to "the evidence of threats" as "direct evidence of the crime charged[.]"). Thus, Defendant's attempt to prevent a witness from cooperating with the government's investigation is direct evidence of the charged crimes. Moreover, pursuant to Rule 403, if a reasonable jury concluded that Defendant's behavior amounted to witness intimidation, it "could be probative of [Defendant's] consciousness of guilt and . . . *not* unduly prejudicial." *Id.* (emphasis added) (citing *Mokol*, 646 F.3d at 483). As a result, the Court declines to exclude this evidence.

*Id.* at 12-14. Alternatively, the Court ruled the evidence admissible under Rule 404(b) and

*United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014) because "Defendant's attempt to

encourage a potential witness to avoid a grand jury subpoena "is relevant without relying on a

propensity inference." (*Id.* at 13-14.) The Court incorporates its prior ruling herein.

Defendant has not provided any basis to conclude that the Court erred when permitting

the Court to admit such evidence. Moreover, the government did not call CB at trial thus the

jury never heard this evidence.

## CONCLUSION

For the reasons above, the Court denies Defendant's motions.

Dated: November 7, 2016

_____
AMY J. ST. EVE
United States District Court Judge